IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. CR-08-117-C |
| | ) | |
| JIMMY RAYMOND BYRUM, | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion to Suppress seeking to exclude evidence obtained during a search of his house. According to Defendant, the evidence must be suppressed because the search was conducted in violation of the Fourth Amendment. Defendant argues the Fourth Amendment violation occurred because false testimony was given to the state court judge who issued the warrant and therefore the warrant was invalid. Defendant requests the Court to set a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), to consider the validity of the warrant. Defendant further argues that the scope of the search exceeded the terms of the warrant.

In Franks, the Supreme Court held that the validity of a warrant can be challenged if the affidavit on which it was based contained a false statement, the false statement was made knowingly and intentionally or with reckless disregard for the truth, and the false statement was necessary to the finding of probable cause. Id. at 555-56. It is at the third element that Defendant's argument fails. It is apparently the practice of the state court judge before whom the search and arrest warrant applications were laid to hear oral testimony in addition to the

sworn affidavits. It was in this oral testimony that one of the police officers testified to physical injuries to a child victim. Defendant establishes, in support of the motion to suppress, the medical records of the victim do not reflect she was injured in the manner to which the officer testified. Thus, Defendant concludes, the testimony was materially false and therefore the warrant was invalid. After review of the materials submitted by the parties, the Court finds it is unnecessary to determine whether or not the officer's testimony was made knowingly or intentionally or with reckless disregard for the truth as there was sufficient evidence, absent the challenged testimony, on which the state court judge could find cause to issue the search warrant. See United States v. Myers, 106 F.3d 936, 940 (10th Cir. 1997) (declining to address alleged falsehoods because, even without them, the information obtained by the government agents established probable cause); Wolford v. Lasater, 78 F.3d 484, 489 (10th Cir. 1996) ("Where false statements have been included in an arrest warrant affidavit, the existence of probable cause is determined by setting aside the false information and reviewing the remaining contents of the affidavit"). In context, it appears the inaccurate facts were presented in support of the arrest warrant, not the search warrant, but in any event, sufficient probable cause is shown in the affidavit for search warrant for the warrant to issue. Defendant has failed to satisfy his burden of establishing entitlement to a hearing or that the warrant should be set aside. Defendant's motion will be denied on this point.

Defendant next complains that the search exceeded the scope of the warrant because officers retrieved four computer towers, printed pictures and assorted papers. Defendant

notes that the warrant authorized the search for only two computer towers and the words "pictures, photos and camera film" had been marked out on the warrant. Plaintiff argues that two of the seized computer towers were inoperable and appeared to be used for spare parts. In any event no images were recovered from those computers. As for the printed pictures and assorted papers, Plaintiff argues that when officers picked up compact disks which were included in the warrant, the challenged material was then in plain view and was seized on that basis. However, Plaintiff offers only the assertions of counsel on this point, and the matter can be properly resolved only through the testimony of the searching officers.

For the reasons set forth herein, Defendant's Motion to Suppress Items Seized During Search of House (Dkt. No. 12) is denied in part and held in abeyance in part. That portion of the motion challenging the validity of the search warrant is denied. That portion of the motion challenging the items seized will be heard at 1:00 p.m., Thursday, July 10, 2008.

IT IS SO ORDERED this 18th day of June, 2008.

/s/ Robin J. Cauthron
ROBIN J. CAUTHRON
United States District Judge