IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. CR-08-117-C |
| | ) | |
| JIMMY RAYMOND BYRUM | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion in Limine seeking to preclude certain items from being presented to the jury. In particular, Defendant alleges the following items are inadmissable under Fed. R. Evid. 403 and 404(b): 1) all CDs and digital images not mentioned in the Indictment; 2) any adult pornography; 3) any mention of a prior investigation of Mr. Byrum while stationed in Germany; 4) any mention of a prior investigation by the F.B.I.; 5) any mention of guns being at the house when Mr. Byrum was arrested; 6) any mention of altercations that had nothing to do with this case; and 7) any mention of the case in Beaver County.

In response, Plaintiff argues that other CDs and images are admissible to prove Defendant's state of mind, i.e, that he knew that he possessed and produced child pornography. Plaintiff argues that the adult pornography and/or prior instances of sexual exploitation of children is likewise admissible to show Defendant's state of mind. Thus, Plaintiff argues the motion should be denied as to the first three items. As for the remaining items, Plaintiff argues that no pretrial ruling should be made but that the Court should consider admissibility based on the defense mounted at trial.

The Court finds that any CDs or other images depicting a child are properly admissible, subject to an appropriate foundation, to show Defendant's state of mind. However, none of the cases relied on by Plaintiff support the argument that the adult pornography is admissible for the same purpose. Each case cited by Plaintiff deals only with the admissibility of other images of child pornography. Accordingly, Defendant's motion will be denied as to item 1 and held in abeyance pending consideration at trial as to item 2 from the above list. As for item 3, there is no information regarding the circumstances surrounding the investigation in Germany; consequently, the Court cannot rule on its probative value or its prejudicial nature. Defendant's motion on item 3 will be held in abeyance until trial. Finally, Plaintiff argues the admissibility of items 4-7 cannot be determined until it is known whether they may be relevant based on any defense offered by Defendant. With this the Court agrees; however, until the Court determines the admissibility, if any, Plaintiff may not reference any of these evidentiary issues. Accordingly, Defendant's motion will be held in abeyance until trial as to items 4-7.

As set forth more fully herein, Defendant's Motion in Limine (Dkt. No. 13) is denied in part and held in abeyance in part.

IT IS SO ORDERED this 18th day of June, 2008.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge